**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

Nos. 23-2004, 23-2220 and 23-2847

———————

NADIA MARY METROKA,

Appellant

v.

PENNSYLVANIA STATE LAW ENFORCEMENT; LOWER MORELAND
TOWNSHIP POLICE DEPARTMENT, AND/OR AGENCY DEPARTMENT; KELLY
E. HEIST, INDIVDUALLY AND AS OFFICER/AGENT FOR LOWER MORELAND
TOWNSHIP POLICE DEPARTMENT AND/OR AGENCY DEPARTMENT;
GOOGLE; MONTGOMERY COUNTY

———————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No. 2-23-cv-00601)
District Judge: Honorable Juan R. Sanchez

———————

Submitted Under Third Circuit L.A.R. 34.1(a)
June 25, 2024

Before: JORDAN, McKEE, and AMBRO, <u>Circuit Judges</u>

(Filed: September 12, 2024)

## OPINION[*]

**AMBRO**, <u>Circuit Judge</u>

Nadia Metroka is a *pro se* litigant and Florida attorney. She and her father had an argument while she was visiting him in Pennsylvania, an incident that concluded with Metroka being arrested and charged with simple assault, criminal mischief, and harassment. Information about the arrest was posted on the Montgomery County, Pennsylvania, Crimewatch website, and Metroka sought to have the post removed. To that end, she filed a complaint in the Montgomery County Court of Common Pleas asserting a slew of state-law claims for defamation, fraud, publicity to a private matter, negligent infliction of emotional distress, intentional infliction of emotional distress, negligence, negligence per se, gross negligence, tortious interference with contractual relationships, and defamation per se. She also brought federal claims for copyright and trademark infringement,[1] as well as a 42 U.S.C. § 1983 claim for alleged violations of a "right to privacy, right to not be defamed, and right to be treated lawfully by the police." *See Metroka v. Pennsylvania State L. Enf't*, No. 2-23-cv-00601, 2023 WL 2843785, at *2 (E.D. Pa. Apr. 7, 2023). Defendants were the Lower Moreland Township Police Department, Officer Kelly Heist, Google, Abington Memorial Hospital, and Capital Blue.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Metroka has registered a trademark for a "drawing" of her own name. *See* https://uspto.report/TM/97363742.

After the Court of Common Pleas dismissed her claims—some with and some without prejudice to amendment, as discussed below—Metroka did not file an amended complaint or appeal the decision; she instead filed suit in the U.S. District Court for the Eastern District of Pennsylvania, bringing claims against many of the same defendants and adding new claims against Montgomery County and the "Pennsylvania State Law Enforcement Agency."[2] The District Court too dismissed her claims, and she appealed. We affirm.

We start with Metroka's claims against the Lower Moreland Police Department and Officer Heist. The District Court granted the Police and Heist's motion to dismiss, reasoning that res judicata barred these claims, as they were already litigated in the Commonwealth court. *Id.* at *4. Metroka argues dismissal was improper because that court dismissed her claims against these parties without prejudice; she concedes that the judgment was valid and on the merits but questions whether it was final. We review a grant of a motion to dismiss *de novo*, *Krieger v. Bank of America, N.A.*, 890 F.3d 429, 437 (3d Cir. 2018), and may affirm the District Court "on any ground supported by the record," *Laurel Gardens, LLC v. McKenna*, 948 F.3d 105, 116 (3d Cir. 2020).

Dismissal was proper. First, the Court of Common Pleas dismissed Metroka's state-law claims with prejudice for failure to state a claim. As the District Court noted, "under Pennsylvania law, a [d]ismissal of an action for failure to state a claim is a final judgment on the merits." *Metroka*, 2023 WL 2843785. at *3 (quoting *Brown v. Cooney*, 442 A.2d

---

[2] As discussed below, no entity with this name exists.

3

324, 326 (Pa. Super. Ct. 1982) (internal quotations omitted)). And, while the Commonwealth court indeed dismissed her § 1983 claims without prejudice to amending, Metroka neither filed an amended complaint nor appealed the decision. *Id.* at *4. "By opting to not amend h[er] complaint . . . within the time frame provided by the District Court, [Metroka] . . . convert[ed] [its] dismissal into a final order." *Hoffman v. Nordic Nats., Inc.,* 837 F.3d 272, 279 (3d Cir. 2016);; *see also Mann v. A.O. Smith Corp.*, No. 21-2361, 2023 U.S. App. LEXIS 5243 at *8 (3d Cir. Mar. 3, 2023) (A dismissal without prejudice is converted to one with prejudice where the plaintiff failed to amend it timely.) (citing *Hoffman*, 837 F.3d at 279). Thus, res judicata bars us from hearing the claims against the Police Department and Officer Heist.

We next turn to Metroka's § 1983 claim against the "Pennsylvania State Law Enforcement Agency." Metroka contends that the District Court erred when it dismissed her claim against it and later denied her motion for leave to amend it. She asserts that the District Court erred by not liberally construing her pleadings against the agency, given that she is *pro se.* We note that Metroka is a practicing attorney who advertises online with a rate of $250-300 per hour[3] and has been barred in Florida for nearly ten years. Setting that aside, however, the Court explicitly acknowledged the need to "construe pro se filings liberally[,]" *Metroka v. Pennsylvania State L. Enf't,* No. 2-23-cv-00601, 2023 WL 4032653, at *1 (E.D. Pa. June 15, 2023) (internal citation omitted), and did so. It chose to

---

[3] *See* "Nadia Mary Metroka," *Avvo* https://www.avvo.com/attorneys/33139-fl-nadia-metroka-4672600.html (accessed September 10, 2024).

overlook that no such entity called the "Pennsylvania State Law Enforcement Agency" exists and interpreted the claim of Metroka to be against the Pennsylvania State Police. *Id. at \*2.* She fails to explain what further liberal interpretation the Court ought to have made. She argues that it erred in denying her motion for leave to amend because it would not have been futile since the Agency is "not immune" to a § 1983 claim. Metroka's Br. at 15. Again, we review anew the grant of a motion to dismiss. *Krieger*, 890 F.3d at 437. We review a denial of leave to amend for abuse of discretion. *Douglas v. Owens*, 50 F.3d 1226, 1235 (3d Cir. 1995).

We affirm both decisions of the District Court. First, we note that it dismissed Metroka's claim after she voluntarily sought dismissal.[4] Second, it was proper to deny her motion for leave to amend. As the Court observed, the Pennsylvania State Police is a state agency, not a person within the meaning of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989). And, because the Pennsylvania State Police has not waived its Eleventh Amendment immunity, the Court would fail to have subject matter jurisdiction over Metroka's claim even if the Court had granted Metroka's motion. *Metroka,* **2023 WL 4032653 at \*2**. Although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of § 1983. *Quern v. Jordan*, 440 U.S. 332, 340–41, 345

---

[4] Because the District Court granted Metroka's request under Federal Rule of Civil Procedure 41 for voluntary dismissal of her claims against the State Police and Montgomery County, it did not address the arguments discussed in this paragraph, which were initially made in the State Police's motion to dismiss, until considering her motion for leave to amend. Had it considered those arguments at that earlier stage, it of course would have been proper to dismiss on the basis of them.

(1979). "Immunity under the Eleventh Amendment challenges [our] subject matter jurisdiction, and . . . [i]f the Court determines that it lacks subject matter jurisdiction, Federal Rule of Civil Procedure 12(h)(3) requires dismissal." *Lee v. Lamas*, 419 F. Supp. 3d 863, 867 (E.D. Pa. 2019). For these reasons, any amendment would have been futile.

We next turn to Metroka's claims against Google. The District Court dismissed her claims under Pennsylvania's Criminal History Record Information Act ("CHRIA"), 18 Pa. Cons. Stat. § 9101 *et seq.* ("publicity to a private matter" and defamation), *Metroka v. Pennsylvania State L. Enf't*, 2023 WL 3767745, at *1 (E.D. Pa. June 1, 2023), because Google is immune from the type of liability Metroka seeks to impute.

This was proper. Under the Communications Decency Act, "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider[,]" 47 U.S.C. § 230(c)(1), and "[n]o cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." *Id*. § 230(e)(3). Immunity under Section 230 "requires three elements: (1) [the] defendant must be a provider or user of an 'interactive computer service;' (2) the asserted claims must treat [the] defendant as a publisher or speaker of information; and (3) the challenged communication must be 'information provided by another information content provider.'" *Kabbaj v. Google, Inc.*, 2014 WL 1369864, at *2 (D. Del. Apr. 7, 2014) (quoting 47 U.S.C. § 230(c)(1)). Numerous courts have found that Google is a provider of such interactive computer services. See, *e.g., id.* at *2 (collecting cases). As to the second element, "[t]raditional acts

6

of an editorial, or publishing, nature include 'deciding whether to publish, withdraw, or alter content.'" *Id.* at *3 (quoting *Green v. Am. Online (AOL)*, 318 F.3d 465, 471 (3d Cir. 2003)). Google does none of these. As to the final element, "[i]f a defendant did not create or author the statement in controversy, but rather is provided that statement by a third-party information content provider, then that defendant cannot be held liable under the Act." *Id.* Per Metroka's complaint, Google "indexed, published, maintained, and disseminated" the information in the Crimewatch post, but it was created by the Lower Moreland Township Police Department, not Google. *Metroka*, 2023 WL 3767745, at *2.

Metroka further asserts that the District Court erred in finding that Section 230 gave Google immunity to violate cherished constitutional rights to privacy and fair proceedings, but that argument is based only on the incorrect and unsupported view that Section 230 immunity "does not apply to federal causes of action or state law causes of action." And Metroka again alleges the District Court erred in denying leave to amend her complaint, but, as with her other claims, the Court correctly observed that amendment would have been futile.

Finally, we turn to Metroka's claim against Montgomery County. Metroka contends the District Court "did not provide any reason" for denying leave to amend her complaint against the County after she previously dismissed voluntarily her claim for gross negligence. Metroka's Br. at 19.

The District Court's denial of leave to amend was certainly within its discretion; in fact, it is likely it would have lacked jurisdiction over the amended complaint. Though

7

Metroka claims the Court did not justify its decision, she quotes its explanation that she filed the amended complaint against the County approximately four months after the Court closed the case and well after she filed her five notices of appeal. *Id.* A notice of appeal normally divests a district court's jurisdiction "over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). Federal Rule of Appellate Procedure 4(a)(4)(A) provides that district courts retain jurisdiction to decide certain post-judgment motions even after a notice of appeal has been filed, but a Rule 15 motion for leave to amend a complaint is not among them. *See Parker v. Beehler*, 1994 WL 591746, at *1 (E.D. Pa. Oct. 28, 1994) (holding that the district court did not have jurisdiction over a motion to amend once a notice of appeal was filed).[5]

Strictly speaking, Metroka failed even to *request* leave to amend, instead merely filing an amended complaint. But to the extent we interpret the Court's denial of the motion to strike as implicitly denying the non-existent motion for leave to amend, this was still proper. Federal Rule of Civil Procedure 62.1 provides a district court several options in the event a party files a motion over which it lacks jurisdiction due to a pending appeal; one option is to deny it. And a district court "plainly has discretion to deny leave to amend where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice the defendant." *Nat'l Fire Ins. Co. of Hartford v. Burns & Scalo Roofing Co.*, 2017 WL 11671748, at *1 (E.D. Pa. Feb. 21, 2017)

---

[5] Even if the District Court had jurisdiction, under F.R.C.P. 15(a)(2), Metroka would have been able to amend a pleading filed more than 21 days after her amended complaint and the County's Rule 12(b)(6) motion only "with the opposing party's written consent or the court's leave."

8

(internal quotation omitted).  Here, all three conditions are met; indeed, Metroka has not attempted to explain why she waited four months after the closing of her case to file her amended complaint.

*      *      *      *

For the foregoing reasons, we affirm.